IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRUCE WALKER | : | CIVIL ACTION |
| v. | : | |
| | : | |
| DALE A. MEISEL and | : | |
| LEHIGH COUNTY PRISON | : | NO.  09-6136 |

**MEMORANDUM AND ORDER**

ELIZABETH T. HEY, M.J.                                                                            February 9, 2012

In this action brought pursuant to 42 U.S.C § 1983, pro se Plaintiff Bruce Walker ("Plaintiff") seeks monetary damages against Defendants Dale A. Meisel and Lehigh County Prison (collectively "Defendants") for unlawful confinement in violation of his due process rights because Defendants failed to award him time credit to his prison sentence while he was on parole in an inpatient drug rehabilitation program.  On October 14, 2011, I granted Defendants' motion for summary judgment, finding that no genuine issue of material fact exists with regard to Plaintiff's claim that he was confined unlawfully in violation of his due process or other constitutional rights.  See Doc. 24.  On November 4, 2011, I ordered that a letter from Plaintiff dated October 25, 2011, be docketed as a motion for reconsideration.  See Docs. 25 & 26.  Defendant filed a response at my direction.  See Doc. 27.  For the reasons set forth herein, I will deny Plaintiff's letter motion.[1]

---

[1] The Honorable William H. Yohn, Jr., referred the matter to me upon the consent of the parties.  See Docs. 14 & 15.

## II. <u>STANDARD OF REVIEW</u>

Motions to reconsider may be brought pursuant to Federal Rule of Civil Procedure 59(e) and Local Rule 7.1(i).  The purpose of a motion to reconsider is to correct manifest errors of law or fact, or to present newly discovered evidence.  <u>Harsco v. Zlotnicki</u>, 779 F.2d 906, 909 (3d Cir. 1985), <u>cert. denied</u>, 476 U.S. 1171 (1986).  A court should grant a motion to reconsider "only if the moving party establishes one of three grounds: (1) there is newly available evidence; (2) there is an intervening change in the controlling law; or (3) there is a need to correct a clear error of law or prevent manifest injustice."  <u>Drake v. Steamfitters Local Union No. 420</u>, No. 97-585, 1998 WL 564486, at *3 (E.D. Pa. Sept. 3, 1998), <u>aff'd</u>, 242 F.3d 370 (3d Cir. 2000).  Moreover, "[b]ecause federal courts have a strong interest in finality of judgments, motions for reconsideration should be granted sparingly."  <u>Continental Cas. Co. v. Diversified Indus., Inc.</u>, 884 F.Supp. 937, 943 (E.D. Pa. 1995).  Additionally, a motion to reconsider may not raise new arguments that could have (or should have) been made in the context of the original motion.  See <u>Helfrich v. Lehigh Valley Hosp.</u>, No. 03-5793, 2005 WL 1715689 at *3 (E.D. Pa. July 21, 2005) (citing <u>Balogun v. Alden Park Mgmt. Corp.</u>, No. 98-0612, 1998 WL 692956 at *1 (E.D. Pa. Oct. 1, 1998)).

## III. <u>DISCUSSION</u>

Plaintiff argues that his habeas petition "was taken out of context."  Doc. 26. Specifically, although Plaintiff concedes that summary judgment was granted in favor of

Defendants on the issue of time he served in an inpatient drug rehabilitation program, he appears to argue in his reconsideration motion that he was entitled to credit on his Lehigh County sentence for time served in Philadelphia and Franklin County Prisons. See id.

Plaintiff is not entitled to have his case re-opened because his motion is not premised on newly available evidence, an intervening change in controlling law, or a need to correct a clear error or law or prevent manifest injustice. The alleged facts Plaintiff now relies on regarding his periods of incarceration in Franklin and Philadelphia Counties were previously asserted in his complaint and amended complaint. See Doc. 21 ¶ 2. However, Plaintiff asserted claims not based on those incarceration periods, but rather on not receiving time credit towards his prison sentence while on parole and participating in a drug rehabilitation program. See Complaint §V, ¶1. Therefore, Defendants' summary judgment motion was limited to the issue of time credit while housed at the Keenan House drug rehabilitation facility.

Nevertheless, giving this pro se Plaintiff the benefit of the doubt in his pleadings, I will address the merits of his argument. The general rule under Pennsylvania law is that a sentencing court has the discretion to impose a sentence consecutively or concurrently with a previously imposed sentence, see 42 Pa. C.S.A. § 9721(a), and that unless the court specifically indicates otherwise, sentences are deemed to run concurrently. See Pa. R. Crim. P. 1406. However, in the context of a new arrest while on parole, Pennsylvania law requires that the sentences for the parole violation and the new offense be served

3

consecutively.  See 61 Pa. C.S.A. 6138(a); see also Commonwealth v. Dorian, 468 A.2d 1091, 1092 (Pa. 1983) (parole violator sentenced to prison for another offense must serve back time and new sentence in consecutive order); Walker v. Pa. Bd. of Prob. & Parole, 729 A.2d 634, 638 (Pa. Commw. 1999) (Pennsylvania parole statute "mandates that sentences for crimes committed on parole must be served consecutively with time remaining on original sentence").

Here, Petitioner was incarcerated in facilities outside Lehigh County for unrelated offenses to which Plaintiff was not entitled to credit on his Lehigh County sentence.  As explained in my memorandum and order granting summary judgment to Defendants, on October 1, 1996, Plaintiff entered a plea of nolo contendere to simple assault before the Honorable Edward D. Reibman of Lehigh County, who sentenced Petitioner to a term of imprisonment of not less than time served and not more than one day less than two years, or 729 days.  See Lehigh Co. Docket 10/01/1996.  Judge Reibman granted Plaintiff parole effective November 22, 1996.  See Lehigh Co. Docket 11/22/1996.  On February 4, 2002, Judge Reibman concluded that Plaintiff violated the conditions of his parole as a result of an arrest for driving under the influence of alcohol in Franklin County.  Judge Reibman revoked Plaintiff's parole and remanded him to Lehigh County Prison to serve the

balance of the sentence imposed on October 1, 1996.  Plaintiff was immediately transferred from Lehigh County Prison to Franklin County Prison.[2]

Meanwhile, on February 13, 2002, Plaintiff pled guilty in Franklin County to a charge of driving under the influence of alcohol, and he was sentenced on April 3, 2002, to serve "not less than 3 months nor more than 23 months" in Franklin County Prison. See Franklin Co. Docket CP-28-CR-000043-2002.  As Plaintiff states in his letter motion, he was incarcerated in Franklin County from February 2002, until March 18, 2002, and administratively transferred to Philadelphia County where he remained incarcerated until March 11, 2004.  See Doc. 26.[3]

The next relevant event occurred on March 10, 2008, when another arrest warrant was issued to Petitioner for violations of parole related to his Lehigh County conviction.  On August 25, 2008, Judge Reibman concluded that Plaintiff had again violated the conditions of his parole, and once again revoked parole and remanded him to Lehigh County Prison to serve the balance of his sentence.  Lehigh County Prison subsequently

---

[2] Consistent with 61 Pa. C.S.A. § 6138(a)(5)(iii), service of the new Franklin County sentence preceded service of the balance of the Lehigh County sentence.

[3] Although the parties have failed to clarify which sentence Plaintiff received credit for during his incarceration in Franklin and Philadelphia Counties, it is clear from the record that Lehigh County Prison authorities did not credit any of this time toward his Lehigh County sentence, strongly suggesting that this time was credited to sentences arising in Franklin County and elsewhere.  Indeed, among Plaintiff's several sentences in Philadelphia County was a 1997 case in which Plaintiff pled guilty to criminal trespass and simple assault and for which he completed serving his sentence on March 11, 2004. See Phila. Co. Docket CP-51-CR-0808631-1997.

made the following findings regarding Plaintiff's incarceration on his Lehigh County conviction: Plaintiff was in custody from March 24, 1996, to August 9, 1996 (138 days), from October 1, 1996, to November 22, 1996 (52 days), from April 18, 2007, to May 21, 2007 (33 days), and from August 2, 2008, to December 21, 2009 (506 days). Thus, the total time Petitioner spent in custody on the Lehigh County conviction equaled 729 days, consistent with Plaintiff's original maximum sentence. See Walker v. Meisel, No. 09-3644 (Doc. 14 at 15-16 & Ex. A).

As a result of the foregoing, Defendants would be entitled to summary judgment on the alternative basis that Petitioner was not entitled to credit on his Lehigh County sentence for time served in Franklin and Philadelphia Counties.

An appropriate Order follows.